**Jacqueline B. Wilson (La #31055)**
**Assistant Attorney General**
**Louisiana Department of Justice**
**1885 North Third Street, Baton Rouge, LA 70802**
**Phone: (225) 326-6300**
***Counsel for Judge Steven Tureau***

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

| | | |
|---|---|---|
| **LYDIA MCCOY,** | * | **CASE No. 6:22-cv-00157-SB** |
| | * | |
| | * | **MOTION TO DISMISS BY JUDGE STEVEN TUREAU** |
| | * | |
| | * | |
| **VERSUS** | * | **NO REQUEST FOR ORAL ARGUMENT** |
| | * | |
| | * | |
| | * | |
| | * | |
| **LORRAINE MCCORMICK, ET AL** | * | |
| | * | |
| | * | |
| | * | |

*************************************

**MAY IT PLEASE THE COURT:**

***LR 7-1 CERTIFICATION***

Undersigned counsel for the appearing defendant hereby certifies that she made a good faith effort to obviate the need for this motion through discussion with Plaintiff, in compliance with Local Rule 7-1(a). Undersigned Counsel made the following attempted contact with Plaintiff as set forth below:

1. On April 14, 2022, counsel emailed Plaintiff explaining her representation of Judge Tureau and that the claims against him are barred by the 11th Amendment and judicial immunity, that service upon Judge Tureau was improper, that this Court lacks personal jurisdiction over Judge Tureau, that injunctive relief is barred by 42 U.S.C. § 1983, and

that the claims are barred by *Younger* abstention and the domestic relations exception. Undersigned counsel asked Plaintiff if she opposed the proposed filing and requested that she to contact undersigned to confer. Plaintiff responded the same date, stating that she did not believe that undersigned counsel has the right to appear on behalf of Judge Tureau and that she will object to and oppose "all other nonsense" that is filed.

***MOTION***

Defendant, Judge Steven Tureau ("Judge Tureau") respectfully submits that the claims by Plaintiff, Lydia McCoy, should be dismissed. As discussed below, service attempted upon Judge Tureau was improper. Furthermore, this Court lacks personal jurisdiction over Judge Tureau. Plaintiff's claims are also barred by absolute judicial immunity. Additionally, this Court should abstain from hearing Plaintiff's claims pursuant to the *Younger* abstention doctrine. Finally, to the extent that Plaintiff seeks injunctive relief against Judge Tureau, such relief is barred by 42 U.S.C. § 1983.

***MEMORANDUM IN SUPPORT***

## I. <u>PERTINENT FACTUAL BACKGROUND</u>

On January 28, 2022, Plaintiff filed a *Complaint for Declaratory Relief and for Damages* against eight defendants, including Judge Tureau, all of whom are sued in their individual capacities. Rec. Doc. 1, par. 7. The basis for the complaint arises out of an underlying divorce proceeding between Plaintiff and defendant, Joseph McCoy, pending in the 23rd Judicial District Court in Gonzales, Louisiana. *Id.*, pars. 8-9.

With respect to Judge Tureau, Plaintiff claims that he took over the divorce proceedings, and in conspiracy with co-defendants and clerks of the court, he "maliciously denied [sic] to complete the record on appeal and denied Plaintiff's request to have the trial on the merits." *Id,*

par. 30. Plaintiff contends that Judge Tureau and co-defendants agreed to deprive Plaintiff her access to the courts and ran a racketeering scheme to defraud her out of her money. *Id,* par. 33. The scheme appears to be the request by the clerk that Plaintiff pay court costs associated with preparing and lodging the trial court record for appellate purposes. Plaintiff also alleges that Judge Tureau "has been directly involved" in manufacturing allegedly false records. *Id,* par. 40. In the original complaint, Plaintiff asserted claims for violations of 42 U.S.C. §§ 1983 and 1985 and state law intentional infliction of emotion distress. *Id* pars. 53-65.

On March 19, 2022, Plaintiff filed a *First Amended Complaint for Damages, Declaratory, Injunctive, and Other Relief*. Rec. Doc. 18. Plaintiff contends that Judge Tureau was unaware that Plaintiff was proceeding *in forma pauperis* in the underlying divorce action. *Id,* par 29. She also asserts that Judge Tureau and the clerk employees "manufactured some extraordinary 'bill' of approximately $14,000.00 or more in fees" for preparation of the record. *Id,* par. 36. Thereafter, Judge Tureau signed an order on a motion to deposit funds into the registry of the court, which Plaintiff disputes. *Id,* par.37. Plaintiff asserts claims for violations of 18 U.S.C. §1962(b),(c), (d); 18 U.S.C. §201; 18 U.S.C. §1341; 18 U.S.C. §1343; 18 U.S.C. §1503; 42 U.S.C. §§1983, 1985; intentional and/or negligent infliction of emotional distress; ORS 165.080; ORS 165.100; and 15 U.S.C. §1125(a)(1)(A). *Id,* pars. 54-102. Plaintiff prays for compensatory damages, an award of expenses, attorney's fees, as well as declaratory and injunctive relief. *Id, Request for Relief,* pgs. 30-33.

## II. LAW AND ARGUMENT

### A. SERVICE UPON JUDGE TUREAU WAS IMPROPER.

Plaintiff attempted service upon Judge Tureau by mailing via U.S. Postal Service Certified Mail a copy of the Amended Complaint only. See, Exhibit "A". The attempted service is

improper, as parties are not permitted to serve a summons and complaint under federal law. See, Fed. R. Civ. P. Rule 4(C)(2). The same is true under Oregon state law. See, Oregon R. Civ. P 7(E) ("A summons may be served by any competent person 18 years of age or older who is a resident of the state where service is made or of this state and ***is neither a party to the action***, corporate or otherwise, nor any party's officer, director, employee, or attorney, except as provided in ORS 180.260.) (Emphasis supplied.) For this reason, the attempted service upon Judge Tureau was improper.

**B. THIS COURT LACKS PERSONAL JURISDICTION OVER JUDGE TUREAU.**

When a defendant challenges personal jurisdiction, the plaintiff bears the burden of showing that jurisdiction is proper. *Boschetto v. Hansing,* 539 F.3d 1011, 1015 (9th Cir. 2008)(citing *Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir. 1990). The jurisdictional limits of Oregon law and federal due process are identical; accordingly, "a federal court sitting in the District of Oregon may exercise personal jurisdiction wherever it is possible to do so within the limits of federal constitutional due process." *Moore v. Gulf Atlantic Packaging Corp.,* #16-cv-886, 2016 WL 8231142, *7 (D. Ore. 11/29/2016)(internal citations omitted). Two forms of personal jurisdiction that empower a court to exercise authority over a non-resident defendant: general and specific jurisdiction. While it is unclear whether Plaintiff is asserting general or specific jurisdiction over Judge Tureau, this Court lacks either type of jurisdiction over him.

***1. General Jurisdiction.*** As the U.S. Supreme Court recently clarified in *Daimler AG v. Bauman*, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction." 571 U.S. 117, 137, 134 S.Ct. 746, 760 187 L.Ed.2d 624 (2014). Stated another way, a defendant's affiliations with the State must be so continuous and systematic as to render it essentially at home in the forum State." *Id*. (citing *Goodyear Dunlop Tires Operations,*

*S.A. v. Brown,* 564 U.S. 915, 919, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011)). “For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home” – the place of incorporation and principal place of business. *Id.*

Plaintiff admits in her original and amended complaint that Judge Tureau (and all other co-defendants) are Louisiana citizens. See, Rec. Doc. 1, par. 7; Rec. Doc. 18; par. 4. Importantly, Plaintiff acknowledges that the divorce proceedings that form the basis of this litigation took place in the 23rd Judicial District Court, located in Gonzales, Louisiana. Rec. Doc. 18, par. 7. There are no allegations that Judge Tureau has any connections with Oregon, much less any that could be considered so continuous and systematic as to render him “at home” in Oregon. Indeed, the sole connection with Oregon is Plaintiff herself. *Id,* par. 3. Accordingly, this Court lacks general jurisdiction over Plaintiff’s claims against Judge Tureau.

***2. Specific Jurisdiction***. In order for a court to exercise specific jurisdiction, a lawsuit must “aris[e] out of or relat[e] to the defendant’s contacts with the forum.” *Bristol-Myers Squibb Vo. v. Superior Court of California, San Francisco County,* 137 S.Ct. 1773, 1780 (2017)(internal citations omitted). The Ninth Circuit sets forth a three-prong test for determining specific jurisdiction in the forum state:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum ...; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) The claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) The exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 801 (9th Cir. 2004)(quoting *Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir. 1987)). "The plaintiff bears the burden of satisfying the first two prongs of the test, whereupon the burden shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (*quoting Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476-78 (1985)). Here, Plaintiff fails to satisfy the first two prongs of the specific jurisdiction analysis.

First, there are no facts that Judge Tureau directed any activities to Oregon or conducted any transactions in Oregon. The allegations in Plaintiff's complaint reveal that Judge Tureau is a Louisiana resident who presided over a Louisiana divorce proceeding in Louisiana state court. Unhappy with rulings by Judge Tureau, Plaintiff attempted an appeal and is complaining now of the fees that she was told that she would have to pay and asserts that the suit record is incomplete and/or inaccurate. Nothing in these allegations would support a finding that Judge Tureau directed any action to Oregon or otherwise conducted any transactions in Oregon.[1]

Second, all actions described by Plaintiff occurred within Louisiana. As to Judge Tureau, Plaintiff plainly describes various actions taken by Judge Tureau as a presiding judge. Plaintiff complains that he was allegedly not aware that Plaintiff was granted *in forma pauperis* status, Rec. Doc. 18, par. 29, that he denied her the complete record on appeal, *Id,* par 35, denied her request for a trial on the merits, *Id,* created a $14,000.00 bill for the record of appeal, *Id,* par 36, and granted an order to deposit funds in the registry of the court, *Id,* par. 37. Thus, Plaintiff's claims do no arise out of any activities by Judge Tureau directed to Oregon.

---

[1] While Plaintiff alleges that letters were sent to her in Oregon demanding the payment of the fees due for her appeal, such actions were not allegedly taken by Judge Tureau, but by the Clerk of Court and employees thereof.

Because Plaintiff cannot satisfy either prong, this Court does not have personal jurisdiction over Judge Tureau, and Plaintiff's claims against him should therefore be dismissed.

### C. PLAINTIFF'S CLAIMS AGAINST JUDGE TUREAU ARE BARRED BY JUDICIAL IMMUNITY.

Judges have absolute judicial immunity for judicial acts performed within their jurisdiction. Such immunity is from suit, not just the ultimate assessment of damages. *Mireles v. Waco,* 502 U.S. 9, 9-10 (1991). It extends to all judicial acts which are not performed in the absence of all jurisdiction. *Stump v. Sparkman,* 435 U.S. 349 (1978). As the United States Supreme Court explained in *Forrester v. White*:

> [T]he nature of the adjudicative function requires a judge frequently to disappoint some of the most intense and ungovernable desires that people can have .... If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication.

484 U.S. 219, 226-27 (1988). Judicial immunity may be overcome only in limited circumstances. Under the test set forth in *Mireles v. Waco,* the Court looks first at whether the act complained of is nonjudicial actions. In doing so, the court analyze the "nature and function" of the judge's act, not the act itself. *Mireles,* 502 U.S. at 12. Second, the Court must determine whether the juridical act occurred in "the complete absence of all jurisdiction". *Id.* In other words, determining whether the judge had some subject-matter jurisdiction to perform the act in question. If a plaintiff fails to demonstrate either of these scenarios, then judicial immunity applies and bars the complaint.

Applying the judicial immunity analysis, it is clear that Plaintiff's claims against Judge Tureau arise out of the exercise of his judicial functions. First, Plaintiff specifically identifies Judge Tureau. Rec. Doc. 18, par. 35 ("Another cartoonishly corrupt judge, Tureau, …"). Secondly, aside

from broad and conclusory allegations of conspiracy, all of the actions of which Plaintiff complains involve judicial acts taken by Judge Tureau in connection with underlying the Louisiana state court proceeding. Plaintiff complains that Judge Tureau denied her the complete record on appeal, denied her request to have a trial on the merits, and improperly granted a motion to deposit funds into the registry of the court. These factual allegations plainly show the performance of judicial functions. This remains true despite Plaintiff's disagreement with those actions. Moreover, even assuming that Plaintiff is alleging the existence of tortious actions during the performance of judicial functions (which is denied), Judge Tureau remains entitled to judicial immunity. Accordingly, Plaintiff's claims against him should be dismissed.

### D. PLAINTIFFS' CLAIMS ARE BARRED BY *YOUNGER* ABSTENTION DOCTRINE.

It is well-settled that federal courts generally must abstain from interfering with ongoing state proceedings. The *Younger* abstention doctrine is based upon "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 431, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). The policies underlying *Younger* abstention includes comity, which has been articulated by the Supreme Court as a "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id*. (citing *Younger v. Harris,* 401 U.S. 37, 44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)).

Generally, the *Younger* abstention doctrine requires that federal courts decline to exercise jurisdiction over lawsuits when three conditions are met:

1) there are ongoing state judicial proceedings;
2) the proceedings implicate important state interests; and
3) the state proceedings provide the plaintiff with an adequate opportunity to raise federal claims.

*Meredith v. Oregon,* 321 F.3d 807, 826, (9th Cir. 2003) *amended sub nom, Meredith v. State of Oregon,* 326 F.3d 1030 (9th Cir. 2003). A request for declaratory relief that would interfere with state proceedings is likewise subject to *Younger* abstention, as "ordinarily a declaratory judgment will result in precisely the same interference with and disruption of state proceedings" as injunctions. *Samuels v. Mackell,* 401 U.S. 66, 72, 91 S.Ct. 764, 27 L. Ed. 2d 688 (1971). "Where an injunction would be impermissible under these principles, declaratory relief should ordinarily be denied as well." *Id,* 401 U.S. at 73. As set forth below, the three *Younger* considerations are easily met, and this Court should abstain from hearing Plaintiffs' claims against Judge Tureau.

First, Plaintiff plainly invites this Court to interfere with an ongoing state court proceeding. Plaintiff asks this Court to enter a judgment declaring that all defendants, including Judge Tureau, have engaged in simulated proceedings, entered "perverted 'rulings;", deprived her of her lawful portion of community property and claims for reimbursement" of at least $120,000, excluding/altering documents from the record on appeal, refusing to file Plaintiff's documents, and taking over $10,000 for filing fees. Rec. Doc. 18, pg. 30-31, par 2. Plaintiff also asks this Court to declare that the rules, policies or "charging schemes" for filing fees are unconstitutional and violate her right to access the courts. *Id,* pg. 31, par. 3. She also expressly requests that this Court declare any state law that purports to authorize such funds as unconstitutional. *Id.*

Insofar as Plaintiff seeks a judgment based on Judge Tureau's actions while presiding over the divorce proceeding, such relief would inherently interfere with the pending[2] litigation. Such relief would likewise hinder the ability of Judge Tureau (or the Louisiana appellate court) to preside over the divorce actions and threaten the integrity of the ongoing litigation. Thus, the first prong of the *Younger* test is satisfied.

Second, it is unquestionable that the State of Louisiana has a significant interest in the enforcement of its own laws and the operation of its state court judicial system. In fact, the U.S. Supreme Court has acknowledged that "States have important interests in administering certain aspects of their judicial systems", including enforcement of judgments. *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 12-13, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987). Plaintiff's complaint takes issue with how her lawsuit in Louisiana state court was handled, as well as how court officials and employees enforced and implemented state laws. Therefore, the second factor of the *Younger* analysis is satisfied.

Third, Louisiana law provides defendants with the opportunity to challenge the constitutionality of Louisiana laws or any actions of the judges. Moreover, Judge Tureau (as a district judge in the 23rd Judicial District Court) is authorized to adjudicate claims of constitutional dimension. Additionally, "[m]inimal respect for the state processes, of course, precludes any *presumption* that the state courts will not safeguard federal constitutional rights." *Middlesex County Ethics,* 457 U.S. at 431(emphasis original). Plaintiff has failed to identify how she has

[2] Plaintiff admits that as recently as February 2022, Judge Tureau signed an order permitting the deposit of funds into the registry of the court. Rec. Doc. 18, par. 37. Plaintiff likewise states that the state appellate court granted her until March 3, 2022 to file her appellant brief. *Id,* par. 49.

been denied the opportunity to raise such challenges in state court. Accordingly, the third *Younger* element is satisfied.

For this reason, *Younger* abstention should apply in this instance, and the claims against Judge Tureau should be dismissed.

### E. PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE RELIEF AGAINST JUDGE TUREAU.

Plaintiff plainly requests injunctive relief against Judge Tureau. See, Rec. Doc. 18 p. 30, par. 5:

> "issue an appropriate injunction or other such order, prohibiting defendants from engaging in racketeering activity, defrauding Plaintiff, stealing from Plaintiff, advancing fraudulent schemes, policies and rules that purport to authorize stealing from Plaintiff and 'charging' thousands of dollars for filing fees for their shameful simulation of the court proceedings and preparation of falsified records. Further prohibiting defendants from tampering with public records, altering and concealing public records relevant to any event, described in this complaint. Further prohibiting defendants from advancing simulation of the court proceedings, preventing the facts, perverting and misapplying the law, manufacturing fraudulent legal documents, orders, and entries that violate the law. Further prohibiting defendants from violating Plaintiff's constitutional rights under the guise of 'authority of the law,' fueled by their hatred toward Plaintiff, her national origin, linguistic characteristics, accent, gender, ancestry, and ethnic descent."

However, such relief is not available in this action. 42 U.S.C. §1983 specifically provides that "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." Plaintiff makes no allegations that Judge Tureau violated a declaratory decree, nor that declaratory relief is otherwise unavailable in this action. For this reason, Plaintiff's claims for injunctive relief fail as a matter of law.

## III. CONCLUSION

Defendant, Judge Steven Tureau, respectfully submits that Plaintiff's claims against him should be dismissed. Defendant has not been properly served, and this Court lacks personal

jurisdiction over him. Further, the claims against Judge Tureau are barred by absolute judicial immunity. This Court should also abstain from hearing Plaintiff's claims pursuant to the *Younger* abstention doctrine. Finally, Section 1983 prohibits the granting of injunctive relief against Judge Tureau. Accordingly, Plaintiff's claims should be dismissed.

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY: s/ Jacqueline B. Wilson
Jacqueline B. Wilson, La. Bar Roll No. 31055
Assistant Attorney General
**Louisiana Department of Justice**
Litigation Division
1885 North Third Street, 3rd Floor
Post Office Box 94005 (70804-9005)
Baton Rouge, Louisiana 70802
Telephone: 225-326-6300
Facsimile: 225-326-6495
E-mail: wilsonj@ag.louisiana.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** the foregoing was filed electronically with the Clerk of Court by using the CM/ECF system and that a copy of the foregoing was served on the *pro se* plaintiff by U.S. mail on the 18th day of April, 2022.

Lydia McCoy
3055 NQ Yeon Avenue, #6315
Portland, OR 97210

s/Jacqueline B. Wilson
Jacqueline B. Wilson