IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LYDIA MCCOY,<br><br>        Plaintiff,<br><br>v.<br><br>LORRAINE MCCORMICK; JILL LAMBERT; JUNE JULIEN; BRIDGET HANNA; SCOTT MCCORMICK; JOSEPH MCCOY; DAVID CONACHEN; MICHELLE ROBICHEAUX; GINA LEE; LOUISIANA COURT OF APPEAL, FIRST CIRCUIT; LOUISIANA SUPREME COURT; DOES 1 THROUGH 20,<br><br>        Defendants. | Case No. 3:22-cv-157-SB<br><br>**OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie F. Beckerman issued her Findings and Recommendation in this case on May 17, 2022. Judge Beckerman recommended that the Court dismiss this lawsuit *sua sponte* for improper venue. For the reasons that follow, the Court adopts in part and declines to adopt in part Judge Beckerman's Findings and Recommendation. Rather than dismiss this action, the Court directs the Clerk of the Court to transfer this case to the Middle District of Louisiana pursuant to 28 U.S.C. § 1406(a).

PAGE 1 – OPINION AND ORDER

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* a magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff objects to Judge Beckerman's conclusion that this case be dismissed for improper venue. Plaintiff contends that the Findings and Recommendation did not address Plaintiff's arguments that Defendants waived their objections to venue and, alternatively, that venue is proper in the District of Oregon under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968.

Regarding waiver, Plaintiff argues that all Defendants waived any objection to venue because the subset of Defendants who moved to dismiss based on improper venue did so with a

PAGE 2 – OPINION AND ORDER

joint *pro se* motion and the remaining Defendants either have not appeared or appeared but failed to raise in their responses the defense of improper venue. The Court concludes that Defendants Scott McCormick, Lorraine McCormick, and Joseph McCoy did not waive their objections to venue in their *pro se* filing. ECF 29. Plaintiff argues that the joint motion to dismiss for improper venue filed by these three Defendants is a "nullity" because Scott McCormick, an attorney licensed to practice in Louisiana, is purportedly representing Lorraine McCormick and Joseph McCoy in violation of Local Rule 83-1. *See* ECF 50, at 11; ECF 33. Multiple defendants all representing themselves, however, may file jointly. *See Calzada-Zubiria v. Empyrean W. LLC*, 2014 WL 12672636, at *1 (D. Ariz. Dec. 16, 2014) (allowing two individual defendants proceeding *pro se* to file a joint answer to the complaint); *Barnes v. Mortell*, 2014 WL 6845416, at *1 (N.D. Cal. Dec. 4, 2014) (allowing individual *pro se* defendants to file a joint answer and motion for judgment on the pleadings); *Slep-tone Ent. Corp. v. Grillhouse, Inc.*, 2014 WL 12639129, at *1 (D. Or. Mar. 21, 2014) (allowing individual *pro se* defendants to file a joint answer to the complaint). The issue that Plaintiff raises typically arises when, for example, an individual who is not licensed to practice law in the forum state attempts to represent *another's* interest, such as that of a corporation or of the individual's child. *See, e.g., Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-01 (1993) ("[A] corporation may appear in the federal courts only through licensed counsel."); *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer.").

In this lawsuit, Scott McCormick did not file a motion *on behalf of* Lorraine McCormick and Joseph McCoy. Rather, Plaintiff named all three individuals as Defendants in this lawsuit, and each represented his or her own interests *pro se* in a joint motion to dismiss. ECF 29. Scott

PAGE 3 – OPINION AND ORDER

McCormick, Lorraine McCormick, and Joseph McCoy each separately signed the joint motion, and there is no statement by Scott McCormick that he is representing either Lorraine McCormick or Joseph McCoy. Indeed, the opening sentence of the joint motion indicates to the contrary and notes that each person is appearing on their own, "in proper person." *Id*. Thus, these three Defendants timely and correctly raised their own objections to venue.

Plaintiff is correct, however, that at least four other Defendants waived their objections to venue. Judge Steven Tureau, Jill Lambert, June Julien, and Bridget Hanna all moved to dismiss on the basis of judicial immunity, lack of personal jurisdiction, and *Younger* abstention, but they did not raise any objection to venue. *See* ECF 30, 35. These Defendants therefore waived that objection. *See* Fed. R. Civ. P. 12(h)(1). As for the Defendants who have not yet appeared—David Conachen, Michelle Robicheaux, Gina Lee, the Louisiana First Circuit Court of Appeal, and the Louisiana Supreme Court—the Court cannot determine whether they waived their objections to venue because Plaintiff has not filed any proof of service documents. Without the filing of proof of service documents, which Plaintiff was required to do under Rule 4(*l*)(1) of the Federal Rules of Civil Procedure, the Court cannot determine when these Defendants' time to respond to Plaintiff's complaint expires, and thus, cannot determine whether these Defendants have waived their objections to venue by failing to respond.

In any event, even though some Defendants have waived their objections to venue, the Court finds it appropriate to transfer the *entire* case to the Middle District of Louisiana, where venue is proper for all Defendants. When venue is proper for some defendants but improper for others, a district court, in its discretion, may transfer the entire case to a venue where venue is proper for all defendants. *See Vanleeuwen v. Keyuan Petrochemicals, Inc.*, 2013 WL 4517242, at *1 (C.D. Cal. Aug. 26, 2013) (transferring entire case to another district because venue was

improper as to one defendant, even though other defendants raised no objection to venue in their answer); *Duarte v. Cal. Hotel & Casino*, 2009 WL 4668739, at *5 (D. Haw. Dec. 4, 2009) (transferring entire case to another district because venue was improper for some defendants); *see also* Wright & Miller, *Federal Practice and Procedure*, § 3827 ("If venue is proper for some defendants but improper for others, the district court has wide discretion.").

Regarding RICO, Plaintiff also objects to the Findings and Recommendation, arguing that venue is proper in the District of Oregon under RICO's special venue statute. RICO provides that in addition to any venue that is proper under 28 U.S.C. § 1391, venue also is proper against any person in a civil action under RICO "in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). Plaintiff, however, has not alleged, let alone shown, that any *Defendant* "resides, is found, has an agent, or transacts his [or her] affairs" in the District of Oregon. To the contrary, Defendants represent that all Defendants reside in Louisiana. *See* ECF 29, at 9 ("In this matter all named defendants are domiciled in Louisiana and none reside in Oregon."). Additionally, that Plaintiff may have felt the effects of Defendants' alleged conduct in Oregon does not establish that Defendants carried out that conduct in Oregon. Thus, venue is not proper in the District of Oregon under 18 U.S.C. § 1965(a).

Plaintiff also argues that venue is proper in the District of Oregon under § 1965(b). Subsection (b), however, addresses a court's *personal jurisdiction* over a defendant who resides outside the district in which proper venue is located. Subsection (b) provides:

> In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

PAGE 5 – OPINION AND ORDER

*Id.* § 1965(b). Section 1965(b) allows a district court to exercise personal jurisdiction over a RICO defendant in any district if the court is satisfied that the "ends of justice" require the exercise of that jurisdiction. Subsection (b), however, does not establish proper *venue*. *See Butcher's Union Loc. No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 538-39 (9th Cir. 1986) (discussing § 1965(b) as a basis only for personal jurisdiction); *Barth v. Mabry Carlton Ranch, Inc.*, 2020 WL 2840238, at *3 (D. Haw. June 1, 2020) ("Section 1965(b) does not govern venue."); *Zhai v. Stein Tree Servs. Inc.*, 2015 WL 410529, at *1 (N.D. Cal. Jan. 30, 2015) ("Section 1965(b) does not deal with venue . . . ."); *see also Laurel Gardens, LLC v. Mckenna*, 948 F.3d 105, 114 (3d Cir. 2020) (concluding that § 1965(b) governs only personal jurisdiction); *Lisak v. Mercantile Bancorp, Inc.*, 834 F.2d 668, 671 (7th Cir. 1987) ("Section 1965(a) deals with venue in RICO cases, but § 1965(b) creates personal jurisdiction by authorizing service."). Thus, even under RICO, venue is not proper in the District of Oregon.

Because at least four Defendants have waived their objections to venue, the Court declines to dismiss the case *sua sponte*. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (affirming the district court's *sua sponte* dismissal of a complaint because the defendants had not waived their objection to venue); *Richard Schluckbier v. Mastec N. Am., Inc.*, 2014 WL 12967929, at *3 n.5 (C.D. Cal. Dec. 3, 2014) ("A court may raise the issue of transfer of venue sua sponte, but it may not do so if that argument is waived, as it was here by Mastec's failure to raise the argument in its 12(b)(3) motion." (citation omitted)); *Heath v. Neal*, 2008 WL 11385826, at *1 (E.D. Cal. Aug. 27, 2008) ("A district court may dismiss a complaint *sua sponte* for improper venue where the defendant has not waived the issue by filing a responsive pleading and the time for doing so has not expired.").

The Court ADOPTS IN PART AND DECLINES TO ADOPT IN PART the Findings and Recommendation (ECF 47). Under 28 U.S.C. § 1406(a), the Court directs the Clerk of the Court to transfer this case to the Middle District of Louisiana, where a substantial part of the alleged events giving rise to Plaintiff's claims occurred. *See* 28 U.S.C. § 1391(b)(2).

**IT IS SO ORDERED.**

DATED this 5th day of July, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge